IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | CR No.:   3:08-405-JFA |
| ) | |
| v.    ) | ORDER |
| ) | |
| DECARDIO GLISSON    ) | |
| _____    ) | |

      This matter is before the court upon defendant's motion for free copies of his entire criminal case. The defendant indicates that he needs these copies so he can "effectively file a § 2255 in a timely manner."

      The record reflects that the defendant filed a request for copies under the "FOIA," which this court denied on March 7, 2012 (ECF No. 282). Additionally, the defendant's appeal mandate was issued on February 8, 2012. Thus, there is no pending issue before this court.

      In the event the defendant files a § 2255 motion, he may then request copies of specific documents or transcripts. The court further notes that defendant is not precluded from filing a § 2255 motion merely because he does not have documents from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts or other documents. If the defendant is interested in receiving specific transcripts or documents at his own expense prior to filing his § 2255 motion, he may contact the Clerk to request them. The Clerk will then advise the defendant of the cost of the copies which must be paid up-front and in full to the Clerk. If the defendant seeks a copy of his presentence report, he must write the United States Probation Office and request a copy from that office. If the defendant

1

seeks a copy of the transcripts of his criminal proceedings, he must contact the court reporter directly and arrange for copies through the court reporter.

After the defendant files his § 2255 action indicating the issues raised, he may file a motion for free transcripts pursuant to 28 U.S.C. § 753(f) for consideration by the court. He is entitled to free copies of transcripts and documents in conjunction with a § 2255 action only if the court finds that his § 2255 claims are not frivolous and the documents are needed to decide the issues presented. *See* 28 U.S.C.A. § 753(f) (West 2008); *United States v. Shoaf,* 341 F.2d 832, 833–34 (4th Cir.1964) (indigent defendant must show some need for transcript beyond his mere desire to comb the record in hope of discovering errors to raise in habeas).

Accordingly, defendant's motion for free copies is denied (ECF No. 286).

IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

January 9, 2013
Columbia, South Carolina